ON MOTION FOR REHEARING

PER CURIAM.
We grant rehearing, withdraw our previous opinion issued on June 25, 2003, and substitute the following opinion in its place.
This case involves two siblings, D.C-. and M.C., and an appeal by S.J., their mother, from the Order of Adjudication and Judgement [sic] of Involuntary Termination of Parental Rights of D.C. and M.C. We affirm the order as to both D.C. and M.C.
We affirm termination of parental rights as to D.C. because S.J. failed to comply with the case plan presented by the Department of Children and Family Services (DCF). § 39.806(l)(e), Fla. Stat. (2001). We affirm termination of parental rights as to M.C. based on section 39.806(l)(e), Florida Statutes (2001), which provides as follows:
When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services. Provision of services may be evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.
Drug addiction is one type of behavior that may warrant termination of parental rights because it can constitute harm to the child and may not be amenable to treatment despite the provision of services. F.L. v. Dep’t of Children & Families, 849 So.2d 1114, 1120 (Fla. 4th DCA 2003). The trial court found that DCF had offered S.J. assistance in dealing with her substance abuse problem. She had- been unsuccessfully discharged from outpatient treatment before M.C. was born. Following the birth of M.C., she was unsuccessfully discharged from outpatient treatment a second time. She had refused inpatient treatment and was not receiving drug treatment at the time of the trial. Additionally, during the time DCF was providing services, S.J. was arrested four times, including an arrest for.disorderly intoxication, after M.C. was born. That is clear and convincing evidence that her substance abuse problems are not amenable to treatment despite the provision of services.. The court further found that S.J. had failed to maintain regular, employment, could not provide a - stable home, and lacked the capacity to care for her children, all of which threaten the children’s safety and well-being and may constitute harm. § 39.01(30), Fla. Stat. (2001) (defining harm). Four home studies had established .that there is, no suit-, able family placement option. Termination was, as a result, the least restrictive means of protecting D.C. and M.C. See Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991).
AFFIRMED.
FARMER, C.J., KLEIN and SHAHOOD, JJ., concur.