964 So.2d 818 (2007)
H.D., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES and Guardian Ad Litem Program, Appellees.
No. 4D07-845.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Rehearing Denied October 12, 2007.
Domenic Landolina, Stuart, for appellant.
Anthony C. Musto, Hallandale Beach, for Appellee-Department of Children and Families.
Patricia M. Propheter, Orlando, for Appellee-Guardian Ad Litem Program.
*819 PER CURIAM.
The mother, H.D., appeals from a final judgment terminating her parental rights to her minor children, J.R. and J.D.
We first address appellees' contention that H.D. waived any challenge to the sufficiency of the evidence supporting termination by failing to move for a judgment of dismissal at the conclusion of DCF's case. Appellees rely on Florida Rule of Juvenile Procedure 8.525(h) (2007), and J.D. v. Dep't of Children & Families, 825 So.2d 447 (Fla. 1st DCA 2002).
Florida Rule of Juvenile Procedure 8.525(h) states:
Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the grounds for termination alleged in the petition, it shall enter an order denying the termination and proceed with dispositional alternatives as provided by law.
Although H.D.'s counsel did argue the sufficiency of the evidence in her closing argument, she did not move for a judgment of dismissal pursuant to this rule. We reject appellees' argument that H.D. has waived her sufficiency of the evidence argument on appeal because we conclude that rule 8.525(h) does not require a motion for judgment of dismissal in order to raise the sufficiency of the evidence on appellate review.
Under our rules of civil procedure, which we recognize do not apply in termination of parental rights cases, rule 1.420(b) authorizes a party to move for a dismissal after the evidence is presented in a case tried by the court; however, rule 1.530(e) provides:
When Motion Is Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
A motion directed to the sufficiency of the evidence in non-jury cases is not required because implicit in the judgment for the plaintiff is a ruling by the trial court that the evidence is sufficient. In this case, when the trial court found that the evidence was sufficient to terminate appellant's parental rights, the court was ruling on the very issues which a motion for judgment of dismissal would have raised. Thus, when the sufficiency of the evidence is raised on appeal, we are not addressing an issue which was not considered by the trial court.
We do not agree with the holding in J.D. v. Department of Children & Families, which appears to be the only Florida case specifically addressing this subject. There, the father appealed from a final order terminating his parental rights, arguing that DCF failed to establish the requisite proof by clear and convincing evidence. The First District Court of Appeal declined to address the merits of the father's appeal, concluding that he failed to preserve the issue for review by a motion for judgment of dismissal at the conclusion of DCF's case. The court cited Florida Rule of Juvenile Procedure 8.525(h), which, as we explained above, does not appear to us to require a motion for judgment of dismissal to preserve the issue of sufficiency of the evidence for appellate review. We therefore certify conflict with the first district's opinion in J.D. v. Department of Children & Families on this issue.
We now address the merits of appellant's argument that there was no *820 substantial competent evidence to support either of the trial court's grounds for terminating appellant's parental rights. After carefully reviewing the record and the trial court's extensive findings in its order terminating parental rights, we conclude that competent substantial evidence supported the trial court's determination that, despite the mother's deep love and affection for her children, her lack of capacity to care for them and her prior conduct in refusing necessary services and programs and failing to follow through on treatment for her special-needs children demonstrate that her continuing involvement in the parent-child relationship threatens the life, safety, or well-being of the children irrespective of the provision of services.[1]See § 39.806(1)(c), Fla. Stat. (2006). The evidence further supports the trial court's finding that the mother failed to substantially comply with the terms and conditions of her case plan as to J.R. See § 39.806(1)(e), Fla. Stat. (2006).
Appellant does not challenge the trial court's determination that termination is in the manifest best interest of the children and that there were no less restrictive means of protecting the children. In any event, such findings by the trial court are supported by substantial competent evidence. Accordingly, we affirm the termination of the mother's parental rights to J.R. and J.D.
Affirmed.
KLEIN, TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] The mother is mildly retarded. J.R. was born prematurely and suffers from hydrocephalus. J.R. required multiple surgeries for the insertion of a shunt in his head to control the fluid.