*941
 
 GRIFFIN, J.
 

 Appellant, B.T. [“Father”], appeals a final order adjudicating his child, J.T., dependent,
 
 [1]
 
 in which he complains of the trial court’s findings concerning his abandonment of the child. Although the adjudication of dependency was amply supported by the evidence, the trial court’s finding that Father had abandoned the child is not supported by the evidence.
 

 It is undisputed that Father has numerous convictions for drug and firearm offenses and has been incarcerated since prior to J.T.’s birth on March 20, 2004. The child was just short of her fifth birthday at the time of the hearing. At the adjudicatory hearing held on February 10, 2009, Father was the only witness who testified. He admitted that he is currently serving a ninety-six month prison sentence, with a release date of July 4, 2011.
 

 Section 39.01 (1), Florida Statutes (2008) defines abandonment as follows:
 

 (1) “Abandoned” or “abandonment” means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver, while being able, makes no provision for the child’s support and has failed to establish or maintain a substantial and positive relationship with the child. For purposes of this subsection, “establish or maintain a substantial and positive relationship” includes, but is not limited to, frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and the exercise of parental rights and responsibilities. Marginal efforts and incidental or token visits or communications are not sufficient to establish or maintain a substantial and positive relationship with a child. The term does not include a surrendered newborn infant as described in s. 383.50, a “child in need of services” as defined in chapter 984, or a “family in need of services” as defined in chapter 984.
 
 The incarceration of a parent, legal custodian, or caregiver responsible for a child’s welfare may support a finding of abandonment.
 

 (Emphasis added). The statute does provide that “[t]he incarceration of a parent ... may support a finding of abandonment.” However, incarceration alone does not necessarily constitute abandonment.
 
 In re L.L.-R.,
 
 9 So.3d 707, 709 (Fla. 2d DCA 2009). Rather, it is a factor that courts may consider when determining whether the child has been abandoned.
 
 Id.See also In re T.H.,
 
 979 So.2d 1075, 1078 (Fla. 2d DCA 2008). “[WJhile incarceration is a factor that the court can consider in determining whether a child has been abandoned, the parent’s efforts, or lack thereof, to assume parental duties while incarcerated must be considered in light of the limited opportunities to assume those duties while in prison.”
 
 T.H.,
 
 979 So.2d at 1080
 
 (citing In re B.W.,
 
 498 So.2d 946, 948 (Fla.1986)). The supreme court has said that a court should focus on a totality of the circumstances.
 
 See In re M.F.,
 
 770 So.2d 1189, 1194 (Fla.2000).
 

 At the adjudicatory hearing, Father testified that he' received photographs and updates about J.T. from her mother and members of his own family. DCF never inquired into the type or frequency of these communications. Father testified that his failure to financially support the
 
 *942
 
 child was due to his incarceration. DCF presented no evidence, other than the fact of Father’s incarceration, to establish abandonment. We do not suggest that J.T. was not abandoned by Father; merely that there was a failure of proof of abandonment.
 

 We accordingly affirm the adjudication of dependency, but remand to the trial court to amend the order in accordance with this opinion.
 
 [2]
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . J.T. is one of three minor children in the dependency action below. The mother for all three children was also a party, as well as the biological father of the two remaining children. Both the mother and the biological father consented to the dependency and are not parties to this appeal.
 

 [2]
 

 .
 
 See
 
 § 39.507(7), Fla. Stat. (2008).