WARNER, J.
 

 A father and a mother appeal the trial court’s final judgment terminating their parental rights as to their child, R.G. On appeal, the parents claim that their procedural due process rights were violated and raise various issues related to the sufficiency of the evidence against them. We affirm, concluding that the termination of parental rights was supported by competent substantial evidence.
 

 There is a multi-step process inherent in the statutory scheme for termination of parental rights. First, the trial court must find by clear and convincing evidence that one of the grounds set forth in section 39.806, Florida Statutes (2007), has been established.
 
 Rathburn v. Dep’t of Children & Families,
 
 826 So.2d 521, 523 (Fla. 4th DCA 2002). Second, the trial court shall consider the manifest best interests of the child by evaluation of all relevant factors, including those set out in section 39.810.
 
 Id.
 
 In addition, the Department must establish that termination of parental rights is the least restrictive means of protecting the child from harm.
 
 In re G.C.,
 
 6 So.3d 643, 648 (Fla. 2d DCA 2009). While a trial court’s decision to terminate parental rights must be based upon clear and convincing evidence, our review is limited to whether competent substantial evidence supports the trial court’s judgment.
 
 See T.C. v. Dep’t of Children & Families,
 
 961 So.2d 1060, 1061-62 (Fla. 4th DCA 2007).
 

 In a well-reasoned order, the trial court found that the parents, who had been involved in the dependency system for six years while attempting to address their continuing pattern of substance abuse, domestic violence, and other criminal conduct: (1) failed to substantially comply with their case plans; (2) demonstrated a pattern of substance abuse, criminal activity, and inappropriate decisions pertaining to the child, which would continue irrespective of the provision of services; and (3) engaged in “episodic abandonment” in that the parents were given multiple opportunities to reunite with their child but had “botched” these events by committing crimes and being incarcerated, leaving the child to languish in the foster care system for years. The court found that termination of the parental rights was in the manifest best interest of the child, considering the factors set forth under sec
 
 *776
 
 tion 39.810, and that termination was the least restrictive means of protecting the child. Our review of the record shows that the trial court’s findings are supported by competent substantial evidence.
 
 See C.M. v. Dep’t of Children & Families,
 
 953 So.2d 547, 550 (Fla. 1st DCA 2007) (“A trial court’s determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing.”). Notwithstanding the natural parents’ love for their child, there is competent substantial evidence in the record to support the trial judge’s finding by clear and convincing evidence that the parents engaged in “episodic abandonment” of the child.
 
 See M.M. v. Dep’t of Children & Families,
 
 867 So.2d 573 (Fla. 3d DCA 2004). Finally, the parents’ claim that their procedural due process rights were violated under the Rules of Juvenile Procedure was raised for the first time in this appeal, and therefore was not preserved for appellate review. Accordingly, we affirm the trial court’s judgment.
 

 Affirmed.
 

 FARMER and LEVINE, JJ., concur.