33 So.3d 88 (2010)
K.J., The Natural Mother in the Interest of A.J., a minor child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D09-5598.
District Court of Appeal of Florida, First District.
April 12, 2010.
Edith E. Sheeks, Civil Appellate Regional Counsel, Tallahassee, for Appellant.
Lori Lee Fehr, Appellate Counsel for the Department of Children and Families, Pensacola and Kelley Schaeffer, Appellate Counsel, Guardian ad Litem Program, Tavares, for Appellee.
PER CURIAM.
Appellant seeks review of the trial court's order terminating her parental rights. Because her claims are not preserved for appellate review, we affirm.
A.J., Appellant's daughter, was removed from her care in October 2002 and January 2007 based on allegations of substance abuse, an unclean home, and a lack of supervision. In September 2008, three months after being returned to Appellant, A.J. was removed a third time based on allegations of sexual abuse and substance abuse. After the third removal, the Guardian Ad Litem program ("GAL") filed a petition for termination of Appellant's parental rights pursuant to sections 39.806(1)(c) and (l), Florida Statutes (2008).
Section 39.806(1)(c) provides for the termination of parental rights:
When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship *89 threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services....
Section 39.806(1)(l), which took effect on July 1, 2008, provides that parental rights may be terminated if "[o]n three or more occasions the child or another child of the parent or parents has been placed in out-of-home care pursuant to this chapter, and the conditions that led to the child's out-of-home placement were caused by the parent or parents."
At the adjudicatory hearing, Appellant acknowledged her substance abuse problem and also acknowledged that A.J. had been sexually abused. Appellant had been offered a case plan that included a requirement that she attend an in-patient substance abuse program. Although Appellant paid for a bed in the program, she had not yet attended at the time of the hearing due to injuries from a motor vehicle accident. Appellant's counsel did not move for judgment of dismissal at the conclusion of the GAL's case.
The parties submitted written closing arguments. Appellant argued that A.J. had not been exposed to the substance abuse and asked the court to consider that the allegations of sexual abuse were unfounded because the alleged perpetrator, Appellant's former boyfriend, was acquitted in his criminal trial. Regarding termination pursuant to section 39.806(1)(l), Appellant stated:
As to the second issue relating to FL Statutes Chapter 39.806(1)(l), we acknowledge that the law is and the Court may terminate parental rights on a finding that on three or more occasions the child has been placed in out-of-home care pursuant to this chapter, and the conditions that led to the child's out-of-home placement were caused by the parent. We also acknowledge that this child has been sheltered on three separate occasions. We ask the Court to consider the circumstances regarding each of these three removals.
The trial court terminated Appellant's parental rights based on both grounds, finding that termination is the least restrictive means of protecting the child and that the manifest best interests of the child would best be served by termination of Appellant's parental rights.
On appeal, Appellant does not challenge the trial court's findings on the least restrictive means of protection or the child's manifest best interest. Rather, Appellant argues that termination under section 39.806(1)(/) was an improper retroactive application of the statute because two of the three removals occurred prior to the statute's effective date and that the evidence did not support termination under section 39.806(1)(c). Neither issue was raised in the trial court and, therefore, the issues are not preserved for appellate review.
As to termination pursuant to section 39.806(1)(l), in light of Appellant's closing argument, we hold that not only is the claim unpreserved, but that the claim was effectively waived. As to section 39.806(1)(c), based upon our precedent, we hold that Appellant's claims were not preserved because no motion for judgment of dismissal was filed at the close of the GAL's case-in-chief. J.D. v. Dep't of Children & Families, 825 So.2d 447 (Fla. 1st DCA 2002). We recognize that the Fourth District Court of Appeal took a contrary position in H.D. v. Dep't of Children & Families, 964 So.2d 818, 819 (Fla. 4th DCA 2007), rev. dismissed, 985 So.2d 1059 (Fla.2008), holding that such a motion is not required to preserve issues of sufficiency of the evidence for appellate review. We certify conflict with H.D. on this issue.
*90 Based upon the foregoing, we affirm the order terminating Appellant's parental rights.
AFFIRMED; conflict certified.
WETHERELL and ROWE, JJ., concur; HAWKES, C.J., special concurring opinion.
HAWKES, C.J., concurring.
I fully concur with the decision to affirm the trial court's order terminating Appellant's parental rights. However, I would add that under no circumstances can Appellant's argument regarding the retroactive application of section 39.806(1)(l) be valid.
Appellant claims that because two of the three times the State removed children from her custody occurred prior to the statute's effective date, she "had no notice" that a third offense may lead to the termination of her parental rights. To accept Appellant's argument is to acquiesce to the notion that she had some vested right in the Legislature never reevaluating how to protect children in the State of Florida. Such an argument is fundamentally flawed and similar claims have been continually dismissed when raised to challenge the application of other statutes that treat repeat occurrences of bad behavior differently than a single occurrence. See e.g., Fla. Stat. § 316.193(2)(b) (2008) (any person who commits DUI and has previously been convicted two or more times for the same offense, commits a felony of the third degree); Fla. Stat. § 322.264(1) (2008) (any person who commits a traffic violation and has previously accumulated a specific number of traffic violations may be adjudicated as a `habitual traffic offender'); Fla. Stat. § 812.014(3)(c) (any person who commits petit theft and has previously been convicted two or more times of any theft commits a felony of the third degree).
The Legislature, within broad constitutional parameters, is always able to place consequences on individual behavior. Here, the Legislature concluded it is harmful for children to be removed from the same home numerous times; therefore, prior instances of out-of-home placement can be relied on in establishing grounds for the termination of parental rights. The Appellant does not challenge this premise. Instead, Appellant argues that she is exempt from these rules because she was already well on her way to meeting the statutory requirement for having her parental rights terminated when the Legislature placed harsher consequences on her future behavior.
Like other statutory provisions recognizing the danger posed by repetitive bad behavior, section 39.806(1)(l) was designed to protect children when parents continually engage in conduct warranting out-of-home placement. Not only have these parents proven they are incapable of improving their behavior, but they have created a situation of instability and uncertainty for their children by causing a need for them to be repeatedly uprooted. Consequently, there is nothing improper, retroactive, or violative of any of Appellant's rights in the Legislature's decision to authorize the courts to consider additional factors when making termination of parental rights decisions. Thus, even if Appellant had preserved her claim, I would affirm the order terminating her parental rights based on the lack of merit in her argument.