POLEN, J.
 

 Appellant, L.K., appeals the trial court’s final order terminating her parental rights as to her daughter, G.B. We find that the trial court erred in terminating L.K’s parental rights as to G.B. when the trial court excluded evidence that L.K. substantially complied with her case plan. Accordingly, we reverse the trial court’s determination and remand this case for further proceedings to allow the parties to offer additional testimony.
 

 On or about June 25, 2009, the State of Florida received an abuse report of which L.K. and her infant child were the subjects. Dependency proceedings were initiated the next day. Probable cause for removal was found and the child was placed in the Department’s custody. The Department filed a verified petition for dependency against L.K. L.K. was granted weekly visits with G.B. as part of an imposed family case plan, beginning July 27, 2009. L.K. attended only two or three of those scheduled visitations before she was arrested for narcotics in September. During the visitations, G.B. responded favorably toward L.K. and it was clear the two had a positive relationship with one another.
 

 On September 21, 2009, while she was incarcerated, L.K. consented to an amended petition for dependency. The amended petition assigned L.K. several tasks, including: substance abuse evaluation; random drug testing; parenting classes; psychosocial evaluations; psychi
 
 *1242
 
 atric evaluations; stable housing; stable income; and seventy-two hour notification to ChildNet when moving. The case plan was accepted by the court and an order was entered adjudicating G.B. dependent.
 

 L.K. sent G.B. several cards and letters through G.B.’s grandfather during her incarceration. According to L.K., she tried to call the Department to find out about her child, but she was unable to get through because she could only call collect. So, instead, she called G.B.’s grandfather for updates, including photographs and information regarding the well-being of the child. Also while incarcerated, L.K. was in work release and attending intensive rehabilitation.
 

 On April 30, 2010, the Department filed a petition for termination of parental rights. The Department alleged abandonment, pursuant to section 39.01(1) of the Florida Statutes, as its only ground for termination as to L.K. L.K. argued the trial court erroneously excluded evidence of her compliance with her case plan and, instead, focused solely on her attempts to communicate with the child. Final judgment of termination of parental rights was entered and the court found that the Department met its burden by clear and convincing evidence as to the allegations that L.K. had not made enough of an effort to establish a substantial relationship with the child and that it is in the child’s best interests to terminate parental rights. This appeal followed.
 

 In
 
 I.Z. v. B.H.,
 
 it was noted by this court that:
 

 A termination of parental rights proceeding involves a two-step process. First, the court must find by clear and convincing evidence that one of the grounds set forth in section 39.806, Florida Statutes (2002), has been proven. Second, the court must determine what outcome is in the manifest best interest of the children.
 

 53 So.3d 406, 408 (Fla. 4th DCA 2011). In determining the manifest best interests of the child, all relevant factors must be considered.
 
 [1]
 

 J.G. v. Dep’t of Children & Families,
 
 22 So.3d 774, 775 (Fla. 4th DCA 2009). “In addition, the Department must establish that termination of parental rights is the least restrictive means of protecting the child from harm.”
 
 Id.
 

 Section 39.01(1), Florida Statutes, provides:
 

 “Abandoned” or “abandonment” means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver, while being able, makes no provision for the child’s support and has failed to establish or maintain a substantial and positive relationship with the child .... “establish or maintain a substantial and positive relationship” includes, but is not limited to, frequent and regular contact with the child through frequent and regular visitation or frequent and regular communication to or with the child, and the exercise of parental rights and responsibilities .... The incarceration of a parent, legal custodian, or caregiver responsible for a child’s welfare may support a finding of abandonment.
 

 § 39.01(1), Fla. Stat. (2010). “To reverse a trial court’s determination that” a child was abandoned, the appellate court must find that the determination was not “supported by clear and convincing evidence.”
 
 In re E.D.,
 
 884 So.2d 291, 294 (Fla. 2d DCA 2004). Section 39.01(1) is a two-prong test. First, the parent must have been able to support the child and, second, the parent failed to establish a relationship
 
 *1243
 
 with the child.
 
 See
 
 § 39.01(1), Fla. Stat. (2010).
 

 Here, the trial court ruled that L.K’s alleged attempts to substantially comply with her case plan were irrelevant to its determination of abandonment and that the only relevant factor was whether the mother communicated and developed a relationship with G.B. L.K. argued that any evidence of her potential compliance with a case plan would show the intent to assume parental duties and responsibilities and is, therefore, relevant and admissible.
 

 The Department relied on this court’s ruling in
 
 A.B.E. v. Department of Children and Families
 
 to show a finding of abandonment was proper where no inquiries were made into the welfare of the child. 47 So.3d 347 (Fla. 4th DCA 2010). That case can be distinguished from the instant case where L.K. did inquire about her child, albeit through the child’s grandfather rather than the Department. L.K. also sent cards and letters and received photographs of the child regularly and requested that the child come for a visit at the jail, but that request was denied by the Department. L.K. attempted to make contact with the Department to inquire about her child’s well-being, but was unable to because the Department’s phone did not accept collect calls, which was L.K.’s only means of communication from jail.
 

 The Fifth District Court of Appeal in
 
 B.T. v. Department of Children and Families
 
 stated that “ “while incarceration is a factor that the court can consider in determining whether a child has been abandoned, the parent’s efforts, or lack thereof, to assume parental duties while incarcerated must be considered in light of the limited opportunities to assume those duties while in prison.’ ” 16 So.3d 940, 941 (Fla. 5th DCA 2009) (quoting
 
 In re T.H.,
 
 979 So.2d 1075, 1080 (Fla. 2d DCA 2008)). L.K. allegedly attempted to substantially comply with her case plan, which she argued would have proven her intent to assume parental duties upon completion of the plan. However, the trial court improperly excluded evidence to make a determination regarding substantial compliance. As L.K. contended, Florida courts have considered the totality of the circumstances pursuant to their supreme court’s ruling in
 
 In re M.F.,
 
 770 So.2d 1189, 1194 (Fla.2000). As such, the trial court in this matter should have considered the attempts at substantial compliance that L.K. claimed to have made before determining that her parental rights should be terminated.
 

 Therefore, even though L.K. was unable to make contact with G.B., L.K. evinced intent to contact her child, have visits with her child, and receive information, photographs, and updates. Also, L.K. possibly made efforts to substantially comply with her case plan and it was erroneous to penalize her and find that she abandoned her child without first allowing for presentation of any evidence which may show those efforts. Accordingly, we reverse the decision of the trial court to terminate L.K.’s parental rights as to G.B. and remand this ease to the lower court for further proceedings to allow the parties to offer additional testimony relating to L.K’s alleged attempts to substantially comply with her case plan.
 

 Reversed and Remanded.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . The factors are set forth under section 39.810, Florida Statutes.