CRENSHAW, Judge.
The Department of Children and Family Services appeals a final order denying the Department’s petition for termination of the parental rights of T.C., the mother, and D.R., the father, to their two minor children. The Department’s appeal as it relates to the father is moot, and therefore dismissed, because the father has since executed surrenders of his parental rights. However, we reverse and remand for further proceedings as to the mother because the trial court erred as a matter of law in concluding that it had no statutory authority to terminate the mother’s parental rights based on section 39.806(1)0), Florida Statutes (2011).
The Department’s petition sought termination of the mother’s parental rights based in part on section 39.806(1)0), which permits termination where “[o]n three or more occasions the child or another child of the parent or parents has been placed in out-of-home care pursuant to this chap-tern and the conditions that led to the child’s out-of-home placement were caused by the parent or parents.” To support this ground for termination, the Department relied in part upon a prior occasion of out-of-home placement that occurred in April 2007. The trial court concluded it had “no statutory authority to terminate *1051 based on this reason because the amendment to section 39.806(1)(Z) was subsequent (July 1, 2008) to this action and the statute is not applied retroactively.”
We review de novo the trial court’s interpretation of section 39.806(1)(Z)[1] and we conclude that the trial court erred as a matter of law in determining that it was precluded from considering out-of-home placements that preceded the effective date of the statute. Here, the most recent out-of-home placement which triggered the Department’s termination petition occurred after the enactment of section 39.806(1)(Z). And because the pivotal removal occurred after the effective date of July 1, 2008, a consideration of out-of-home placements predating the statute does not constitute retroactive application of the statute.[2] The plain language of section 39.806(1)(Z) permits the trial court to consider the history of prior out-of-home placements, and it does not preclude a consideration of out-of-home placements predating the effective date of the statute.
Like other statutory provisions recognizing the danger posed by repetitive bad behavior, section 39.806(1)0 was designed to protect children when parents continually engage in conduct warranting out-of-home placement_ [And] there is nothing improper, retroactive, or violative of [a parent’s] rights in the [legislature’s decision to authorize the courts to consider additional factors when making termination of parental rights decisions.[3]
Accordingly, we reverse the order denying the Department’s petition for termination of the mother’s parental rights, and we remand for the trial court to reevaluate the petition based on section 39.806(1)(Z).
Dismissed in part, reversed in part, and remanded.
DAVIS and MORRIS, JJ., Concur.

. See Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 194 (Fla.2007) (stating issues of statutory interpretation are subject to de novo review).

. We therefore do not reach the issue of whether section 39.806(1)(Z) may be applied retroactively.

. K.J. v. Dep’t of Children & Families, 33 So.3d 88, 90 (Fla. 1st DCA 2010) (Hawkes, C.J., concurring).