IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

D.H., MOTHER OF S.R., A CHILD,

      Appellant,

v.                                 Case No. 5D16-3435

DEPARTMENT OF
CHILDREN AND FAMILIES,

      Appellee.

_____/

Opinion filed February 23, 2017

Appeal from the Circuit Court
for Citrus County,
Mary Hatcher, Judge.

Elliott Ambrose, Brooksville, for Appellant.

Deborah A. Schroth, of Children's
Legal Services, Department of
Children & Families, Jacksonville,
for Appellee.

Laura J. Lee, for Guardian ad
Litem Program, Sanford.

PER CURIAM.

      The mother, D.H., appeals the final judgment terminating her parental rights as to

her two-year old daughter, S.R. Concluding that the trial court erred in finding that the

Department of Children and Families ("DCF") proved by clear and convincing evidence

that D.H.'s parental rights should be terminated under section 39.806(1)(b), Florida Statutes (2016), for abandoning the minor child, we strike that provision from the final judgment. *See L.K. v. Dep't of Child. & Fams.*, 62 So. 3d 1241, 1242 (Fla. 4th DCA 2011) ("'To reverse a trial court's determination that' a child was abandoned, the appellate court must find that the determination was not 'supported by clear and convincing evidence.'" (quoting *In re E.D.*, 884 So. 2d 291, 294 (Fla. 2d DCA 2004))).

We nevertheless affirm the final judgment because the trial court's termination of D.H.'s parental rights on the other statutory grounds set forth in section 39.806 as described in the judgment is supported by the evidence presented at trial. *See M.D. v. State, Dep't of Child. & Fams.*, 187 So. 3d 1275, 1277 (Fla. 4th DCA 2016) ("[S]o long as the trial court's ruling on one of the statutory grounds set forth in section 39.806, Florida Statutes, is supported by the evidence, the court's decision [to terminate parental rights] is affirmable." (first alteration in original) (quoting *J.E. v. Dep't of Child. & Fams.*, 126 So. 3d 424, 427–28 (Fla. 4th DCA 2013))). Lastly, the trial court correctly concluded that DCF presented clear and convincing evidence at trial that the termination of parental rights was in the manifest best interests of the minor child and that it is the least restrictive means of protecting the child from serious harm. *See R.A. v. Dep't of Child. & Fams.*, 30 So. 3d 722, 724 (Fla. 5th DCA 2010) (holding that an order terminating parental rights must be supported by clear and convincing evidence that there is a ground for termination under section 39.806, the termination is in the manifest best interest of the child pursuant to section 39.810, and the termination of the parental rights is the least restrictive means of protecting the child from serious harm).

Accordingly, we affirm the final judgment terminating D.H.'s parental rights to S.R., but we remand with directions for the entry of an amended final judgment striking any language from the judgment regarding section 39.806(1)(b) being one of the grounds for the termination of the parental rights.

AFFIRMED; REMANDED with directions.

COHEN, C.J., BERGER and LAMBERT, JJ., concur.