IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

C.W., Father of R.G. and T.W.,
minor children,

     Appellant,

v.

DEPARTMENT OF CHILDREN
AND FAMILIES,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-2696

Opinion filed October 27, 2017.

An appeal from the Circuit Court for Alachua County.
James Nilon, Judge.

Crystal McBee Frusciante, Sunrise, and Office of Criminal Conflict and Civil Regional Counsel, Region One, Tallahassee, for Appellant.

Ward L. Metzger, Appellate Counsel, Department of Children and Families, Jacksonville, for Appellee.

BILBREY, J.

     C.W., the father of R.G. and T.W., had his parental rights to those children terminated based on the trial court's finding that C.W. "has engaged in a course of conduct toward the children . . . that demonstrates that the

continuing involvement of the father in the parent-child relationship threatens the life, safety, well-being, and physical, mental and emotional health of the children irrespective of the provision of services." See § 39.806(1)(c), Fla. Stat. C.W. was not offered any services to address his mental health or substance abuse issues. See § 39.6012, Fla. Stat. At the termination of parental rights hearing, the Department did not offer evidence to establish that the provision of mental health and substance abuse services to C.W. would be futile.

In discussing termination of parental rights under section 39.806(1)(c), we have required proof either that services have been provided to the parent or that it would be futile to even attempt to provide services to address the parent's issues. N.L. v. Dep't of Children & Family Servs., 843 So. 2d 996 (Fla. 1st DCA 2003). Although there are other subsections in section 39.806(1) that do not require proof of either the provision of services or the futility of the same as grounds for termination of parental rights, they were not pleaded or proven before the trial court. The Department concedes error, and we accept the concession. Therefore, the order on appeal is reversed in part as the order pertains to the parental rights of C.W., and this matter is remanded for further proceedings as to C.W., R.G., and T.W. In all other respects, the order is affirmed. See In re L.C., 908 So. 2d 568 (Fla. 2d

2

DCA 2005).

REVERSED and REMANDED.

ROBERTS and KELSEY, JJ., CONCUR.