IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

K.C., FATHER OF C.D., A CHILD,

      Appellant,

 v.

                                           Case No. 5D18-0712

DEPARTMENT OF CHILDREN
AND FAMILIES,

      Appellee.

_____/

Opinion filed June 22, 2018

Appeal from the Circuit Court
for Citrus County,
Mary Hatcher, Judge.

Edward Juan Lynum, of Lynum &
Associates, PLLC, Wildwood, for Appellant.

Stephanie C. Zimmerman, of Children's
Legal Services, Bradenton, for Appellee.

PER CURIAM.

     The father, K.C., appeals the final judgment terminating his parental rights as to his five-year-old child, C.D. We only find merit in K.C.'s argument that the Department of Children and Families (the "Department") failed to establish by clear and convincing evidence that K.C.'s parental rights should be terminated under section 39.806(1)(b), Florida Statutes (2016), for abandoning the minor child, and section 39.806(1)(c), Florida

Statutes, for engaging in conduct toward the child that demonstrates that his continuing involvement in the parent-child relationship threatens the life, safety, well-being, physical, mental and emotional health of the child irrespective of services.  See S.M. v. Dep't of Child. & Fams., 202 So. 3d 769, 776 (Fla. 2016) (reiterating that trial court must find by clear and convincing evidence that one or more grounds for termination have been established).

Even so, we affirm the final judgment because the trial court's termination of K.C.'s parental rights based on section 39.806(1)(e)1., Florida Statutes (2016), is supported by clear and convincing evidence.  See D.H. v. Dep't of Child. & Fams., 211 So. 3d 351 (Fla. 5th DCA 2017) (citing M.D. v. State, 187 So. 3d 1275, 1277 (Fla. 4th DCA 2016) ("[S]o long as the trial court's ruling on one of the statutory grounds set forth in section 39.806, Florida Statutes, is supported by the evidence, the court's decision [to terminate parental rights] is affirmable.")).  We agree with the trial court that the Department presented clear and convincing evidence that the termination of parental rights was in the manifest best interests of the minor child and that it is the least restrictive means of protecting the child from serious harm.

Accordingly, we affirm the final judgment terminating K.C.'s parental rights to C.D., but we remand with directions for the entry of an amended final judgment striking any language from the judgment regarding sections 39.806(1)(b) and (1)(c) as grounds for the termination of the parental rights.

AFFIRMED; REMANDED with directions.

SAWAYA, PALMER  and BERGER, JJ., concur.

2