COHEN, J.
J.G. ("Father"), the natural father of N.S.G.B. ("Child"), appeals the final order terminating his parental rights to Child on the ground of abandonment. Father argues that the trial court erred by: (1) failing to appoint him counsel during a December 28, 2015 arraignment hearing, thereby violating his due process rights; (2) failing to allow him to determine an appropriate placement for Child by consenting to a private adoption; and (3) conducting an improper single-parent termination by advancing with the termination proceeding when the natural mother's ("Mother") termination case was still pending. We affirm.
In May 2015, the Department of Children and Families ("DCF") removed Child from Mother's care based on allegations that Mother used heroin and neglected Child and her half-sibling. DCF placed Child with a non-relative caregiver and subsequently filed a petition for dependency. In June 2015, the trial court adjudicated Child dependent as to Mother and ordered Child to remain in the custody of the non-relative caregiver.
Throughout the proceeding, DCF made numerous attempts to serve Father, whose whereabouts were unknown. Father appeared telephonically at an arraignment hearing on December 28, 2015, but did not appear, personally or telephonically, at any subsequent hearings regarding Child's dependency. His whereabouts remained unknown.
In December 2016, DCF petitioned the court to involuntarily terminate the parental rights of both Mother and Father. DCF alleged, among other grounds, that Father abandoned Child in violation of section 39.806(1)(b), Florida Statutes (2016). DCF made continuous attempts to serve Father to no avail, as detailed in multiple affidavits of diligent search. DCF served Father by publication, and the trial court entered a default. Notwithstanding entry of the default, DCF continued efforts to serve Father and eventually located him, effectuating personal service in April 2018.
In June 2018, Father appeared for an advisory hearing and indicated that he was securing counsel. However, he failed to do so, and in August 2018, the trial court appointed Father counsel.
In September 2018, the trial court held a final hearing on DCF's petition for the involuntary termination of both parents' rights. Immediately before the proceeding commenced, Mother notified the court that she had executed a consent for the maternal grandmother to adopt Child pursuant to section 63.802(6)(g), Florida Statutes (2018). Father's counsel indicated that Father did not consent to Child's adoption and wanted to proceed with trial. The court rescheduled Mother's termination proceeding to determine whether it was in Child's best interest to allow the adoption *525 or to proceed with the termination proceeding under Chapter 39.
The trial court continued with Father's termination proceeding. Following trial, the court found by clear and convincing evidence that Father abandoned Child pursuant to section 39.806(1)(b). Father appeals that order.
For the first time, Father argues that the trial court denied him the due process right to have an attorney appointed during the December 28, 2015 arraignment hearing. He contends that "[i]f an attorney would have been provided in the early stages of this case the outcome may have been different." We find this argument unpreserved and disingenuous.
The record reflects that during the December 28 hearing, Father appeared telephonically and stated that he was a merchant marine without "reasonable accommodations." He refused to disclose a current or future physical address or an email address to effectuate service and indicated that he needed to speak with an attorney before providing the court any information. The trial court stated:
Once you've been served and you come before the Court, then I will even address the appointment of an attorney for you if you qualify. If you're indigent I will appoint an attorney for you. But at this point you haven't been served, so I'm not going to take that action. So if you want to hire your own attorney, you have a right to do that.
Father told the court that he would speak with an attorney and would contact DCF with an address for service. He did not. In addition, despite his knowledge of the proceedings, Father failed to appear at subsequent hearings for over two years.
In spite of the court's ability to proceed without Father because of the previously entered default, the court allowed Father to appear in the termination proceeding and appointed him counsel. Father's alleged due process violation was entirely due to his own inaction. Equally compelling was Father's failure to raise this issue below. Accordingly, we find no error. See J.G. v. Dep't of Child. & Fams., 22 So.3d 774, 776 (Fla. 4th DCA 2009) ("[T]he parents' claim that their procedural due process rights were violated ... was raised for the first time in this appeal, and therefore was not preserved for appellate review."); R.G. v. Dep't of Child. & Fam. Servs., 792 So.2d 1269, 1269 (Fla. 3d DCA 2001) ("[A]ny due process concerns were never raised before the trial court and are therefore barred." (citing Hill v. State, 549 So.2d 179, 182 (Fla. 1989) ) ).
Next, Father argues that the trial court erred in terminating his parental rights instead of allowing him to consent to the private adoption of Child by a non-relative caregiver. He presents that at the end of the final termination hearing, he and the non-relative caregiver "struck a deal" where he would voluntarily surrender his rights in contemplation of an open adoption. He further argues that pursuant to section 63.082(6)(g), he had the right to participate in Child's placement by consenting to a private adoption plan.
Initially, Father ignores that before trial commenced, his counsel announced that Father did not agree to surrender his rights. Further, a parent's ability to participate in a placement process is purely statutory in nature and is secondary to the court's duty to determine the best interests of the child. See, e.g., E.Q. v. Fla. Dep't of Child. & Fams., 208 So.3d 1258, 1260 (Fla. 3d DCA 2017) (holding that a parent's wishes as to a prospective adoptive placement are but one factor to be considered in determining the best interests of the child). Here, the trial court determined that it was in Child's manifest *526 best interest to terminate Father's parental rights and the least restrictive means to protect Child. Father does not challenge those findings on appeal.
In addition, the record demonstrates no effort by Father to proceed with the contemplated adoption agreement. After the final hearing, the court held two status conferences before rendering its final order in December 2018. Father did not appear at those hearings and sought no further relief. Accordingly, this argument lacks merit. E.g., Singer v. Singer, 442 So.2d 1020, 1022 (Fla. 3d DCA 1983) ("[W]aiver encompasses not only the intentional or voluntary relinquishment of a known right, but also conduct that warrants an inference of the relinquishment of a known right." (citations omitted) ); cf. K.J. ex rel. A.J. v. Dep't of Child. & Fams., 33 So.3d 88, 89-90 (Fla. 1st DCA 2010) (affirming termination of parental rights where mother did not challenge the court's findings regarding the manifest best interest and the least restrictive means standards and failed to raise the argument presented on appeal at trial).
Father's final argument is that the trial court entered an improper single-parent termination order in violation of section 39.811(6), Florida Statutes (2016), by terminating his parental rights without terminating Mother's parental rights. He provides that abandonment is not an enumerated ground for single-parent termination. Again, Father failed to preserve this argument. He acquiesced to the bifurcation of his and Mother's trial and never raised this issue before the trial court or in a subsequent motion for rehearing. See R.B. v. Dep't of Child. & Fams., 997 So.2d 1216, 1218 (Fla. 5th DCA 2008) (affirming termination of parental rights where "issue was not brought to the attention of the trial judge by a motion for rehearing and thus, has not been preserved for appellate review" (citing Mathieu v. Mathieu, 877 So.2d 740 (Fla. 5th DCA 2004) ) ); see also D.T. v. Fla. Dep't of Child. & Fams., 54 So.3d 632, 633 (Fla. 1st DCA 2011) (affirming where "[a]ppellant failed to preserve this issue by a motion for rehearing or to otherwise bring the claimed deficiency to the attention of the trial court at a point when it could have been corrected" (citations omitted) ).
Ultimately, Father does not challenge the sufficiency of the evidence presented regarding his abandonment of Child. Instead, he raises issues he failed to preserve.[1] Accordingly, we affirm.
AFFIRMED.
EDWARDS and EISNAUGLE, JJ., concur.

Father does not argue that any of these unpreserved arguments constitute fundamental error.