DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.A.,** the Mother,
Appellant,

v.

**STATE OF FLORIDA, DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D20-270

[May 27, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case No. 562019DP000127.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Andrew Feigenbaum, Children's Legal Services, West Palm Beach, for appellee.

Craig Robert Lewis, Defending Best Interests Project, Florida Statewide Guardian Ad Litem Office, Miami Beach, and Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee, for Guardian Ad Litem Program.

CIKLIN, J.

B.A. ("the mother") appeals a final judgment terminating her parental rights. We conclude that neither of the two statutory grounds relied upon for termination of parental rights ("TPR") was proven by competent, substantial evidence, and we reverse.

The trial court's determination that TPR was proper under section 39.806(1)(c), Florida Statutes (2019), was based on the mother's history and findings related to (1) her "pattern of behavior" of completing services to obtain reunification with her children, (2) her reverting back to alcohol abuse and domestic violence with the child's father "once the Department

terminates supervision," and (3) the fact that "[t]he mother . . . continue[s] to be in a relationship with [the father] to the detriment of her children." At the TPR hearing, the Department established that the mother had previously and successfully completed a case plan that included substance abuse treatment. She was reunified with her children in 2015 with Department supervision concluding in 2016. The Department was permitted to admit records from prior cases to establish some of these facts, but, importantly, the trial court indicated that it would not consider any hearsay allegations within the records. The testimonial evidence established that the mother began consuming alcohol again at the end of 2018, and that the children were removed due to an incident of domestic violence between the mother and father in May 2019, which incident occurred while they were both drinking. Even though the mother was not offered a case plan, she became sober immediately upon the removal of the children and successfully completed a substance abuse treatment program. She is currently in an "aftercare" program for substance abuse.

To terminate parental rights, one of the grounds set forth in section 39.806, Florida Statutes (2019), must be established by clear and convincing evidence. *J.G. v. Dep't of Children & Families*, 22 So. 3d 774, 775 (Fla. 4th DCA 2009). Clear and convincing evidence has been defined as an "intermediate level of proof [that] entails both a qualitative and quantitative standard. The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." *In re N.F.*, 82 So. 3d 1188, 1191 (Fla. 2d DCA 2012) (alteration in original) (quoting *In re Davey*, 645 So. 2d 398, 404 (Fla. 1994)).

"While a trial court's decision to terminate parental rights must be based upon clear and convincing evidence, our review is limited to whether competent substantial evidence supports the trial court's judgment." *J.G.*, 22 So. 3d at 775. "Competent substantial evidence is tantamount to legally sufficient evidence." *Dusseau v. Metro. Dade Cty. Bd. of Cty. Comm'rs*, 794 So. 2d 1270, 1274 (Fla. 2001). "Sufficiency is a test of adequacy. Sufficient evidence is 'such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.'" *Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981) (quoting Black's Law Dictionary 1285 (5th ed. 1979)).

Section 39.806(1)(c) provides that grounds for termination may be established:

> When the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the

2

> continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services. Provision of services may be evidenced by proof that services were provided through a previous plan or offered as a case plan from a child welfare agency.

§ 39.806(1)(c), Fla. Stat. (2019). "To terminate the mother's rights under [section 39.806(1)(c)], the Department was required to prove that the children's 'life, safety, or health would be threatened by continued interaction with the parent, regardless of the provision of services' and that 'there is no reasonable basis to believe the parent will improve.'" *Q.L. v. Dep't of Children & Families*, 280 So. 3d 107, 114 (Fla. 4th DCA 2019) (quoting *T.O. v. Dep't of Children & Families*, 21 So. 3d 173, 179 (Fla. 4th DCA 2009)). There must be proof "either that services have been provided to the parent or that it would be futile to even attempt to provide services to address the parent's issues." *C.W. v. Dep't of Children & Families*, 228 So. 3d 725, 725 (Fla. 1st DCA 2017).

The portion of the TPR order terminating the mother's rights pursuant to subsection (1)(c) was based on the trial court's findings of the mother's history of both alcohol abuse and domestic violence. The record does not support TPR with respect to either of these issues.

First, we address the mother's alcoholism. Proof of both elements outlined in *Q.L.* is questionable in this case, but the Department clearly failed to prove that there was no reasonable basis to believe that the mother would improve. "Typically, this second evidentiary requirement is established through expert testimony. Where there is no expert testimony on this issue, . . . reversal may be appropriate because the trial court's findings would be speculative." *Q.L.*, 280 So. 3d at 115.

Here, as in *Q.L.*, the Department did not call any experts to testify and it presented no testimony that the mother would not or could not rehabilitate. On the contrary, the evidence indicated that the mother previously and successfully completed substance abuse treatment and then spent years both sober and unsupervised. After the removal, the mother again entered and successfully completed a substance abuse program—despite receiving no offer of a case plan. The evidence at the TPR hearing indicated that she has not had an alcoholic drink since the incident that led to the latest removal. Moreover, the mother's testimony indicated that the substance abuse program she most recently completed was much more comprehensive than her previous program. In light of the

mother's success and her expressed desire to overcome her addiction—along with the absence of any affirmative evidence that the mother is unlikely to improve with treatment—we see no competent, substantial evidence to support a determination that there was no reasonable basis to believe the mother would improve.[1]

Second, the trial court's factual findings regarding a history of domestic violence and that "[t]he mother . . . continue[s] to be in a relationship" with the father are not supported by the record. On the contrary, the Department proved only a single instance of domestic violence which occurred immediately prior to the shelter order. The Department contends that the case manager's testimony established a history of domestic violence. In relevant part, the case manager testified that she had been assigned to the case for fewer than three months, she was "briefly" made aware of the family's history, and that she familiarized herself "with the file" "to the best of [her] ability," but that she may not have been able to view everything due to the age of the case. She further testified that, in the instant case, the children were removed due to substance abuse and violence in the home, and that those were the "same reasons" addressed in prior dependency cases. She explained that there were not "any services that the Department could offer in this case that [it has] not already offered in the two prior cases."

---

[1] We acknowledge that there are many circumstances in which expert testimony may not be necessary to establish that a parent is not amenable to treatment. *See, e.g., R.K. v. Dep't of Children & Families*, 898 So. 2d 998, 1000-01 (Fla. 5th DCA 2005) (affirming termination of parental rights where mother had a 15-year history of drug abuse, used cocaine while pregnant with children, and did well while in residential drug treatment, but failed to complete multiple treatment programs, and upon leaving last facility, violated her probation and was incarcerated); *S.J. v. Dep't of Children & Family Servs.*, 866 So. 2d 770, 771 (Fla. 4th DCA 2004) (affirming termination of parental rights where mother was twice unsuccessfully discharged from outpatient substance abuse treatment, refused inpatient treatment, and was arrested four times while under Department supervision). However, these cases are vastly distinguishable from the facts at hand, and "[w]here the record demonstrates a reasonable basis exists to find the parent's problems could be improved, parental rights cannot be terminated." *M.H. v. Dep't of Children & Families*, 866 So. 2d 220, 223 (Fla. 1st DCA 2004) (finding no evidence to establish a reasonable basis that mother would not improve where, despite drug addiction and relapses, mother sought treatment before Department involvement, continued to seek help both through the Department and on her own, and expressed a "strong desire to overcome her addiction and parent her children").

Simply stated, the case manager's testimony was not competent, substantial evidence of a history of domestic violence. The case manager's testimony was expressly equivocal and she lacked personal knowledge of the history of the case. Furthermore, simply stating that the children were removed for the "same reasons" as in prior cases provided no substance, quantity, or detail surrounding any alleged past instance of domestic violence. We find that her testimony lacked the nature and weight of evidence required for establishing a past history of domestic violence in this context.

Moreover, there was no evidence to support a conclusion that the parents were in an ongoing relationship. The evidence established just the opposite: the parents separated following removal, they no longer live together, and they are no longer romantically involved with one another.

Accordingly, this court must evaluate whether termination under section 39.806(1)(c) is proper based on the evidence of one incident of domestic violence. "Termination under this section is termination based on *prospective* abuse or neglect. Essentially, the trial court is asked to look at the parent's *current . . . condition or past behavior* and predict whether the parent will likely harm the child in the future." *Q.L.*, 280 So. 3d at 113-14 (emphasis in original). Because the parents were no longer living together and there was no evidence of any reconciliations following prior instances of domestic violence or any other evidence indicating a likelihood of harm to the children based on domestic violence, it cannot be said that the Department proved that there is likelihood of harm to the children based on domestic violence.

Furthermore, the Department failed to offer a case plan following the single proven incident, and there is nothing in the record to demonstrate whether or not the mother would improve with the assistance of services. Thus, any determination that domestic violence services would be futile was based on raw speculation with little if any evidentiary support.

The second ground for termination in the order of TPR is based on section 39.806(1)(*l*), Florida Statutes (2019), under which termination is permissible where "[o]n three or more occasions the child or another child of the parent or parents has been placed in out-of-home care pursuant to this chapter . . . , and the conditions that led to the child's out-of-home placement were caused by the parent or parents." The evidence was similarly insufficient to support a TPR under this subsection. The Department proved that children were removed from the home on three dates but there was not competent, substantial evidence to establish that

the conditions that led to the earlier removals were caused by the mother. The Department failed to meet its burden.

In sum, there was not sufficient evidence to support termination of the mother's parental rights under either statutory ground. Consequently, we reverse and remand.

*Reversed and remanded.*

KLINGENSMITH, J., and LEVENSON, JEFFREY, Associate Judge, concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***