PER CURIAM.
N.W., the mother, appeals the final order of the circuit court terminating her parental rights to two children, A.S. and C.S., pursuant to section 39.806(l)(c), (f), Florida Statutes (2002).[1] We find that the trial court’s order of termination is supported by competent substantial evidence in the record. See Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991)(“[B]ecause parental *626 rights constitute a fundamental liberty interest, the state must establish in each case that termination of those rights is the least restrictive means of protecting the child from serious harm.”).
While it appears that the trial court erred in failing to make specific findings as to why it denied the mother’s motion to allow A.S. to testify at the final hearing, see Florida Rule of Juvenile Procedure 8.255(d)(2)(C)(stating that the court shall make specific findings of fact, on the record, as to the basis for its ruling whether to allow a child witness to testify), this issue was not raised in the initial brief and is therefore abandoned. See J.A.B. Enters. v. Gibbons, 596 So.2d 1247 (Fla. 4th DCA 1992). Additionally, we find that it was proper for the trial court to take judicial notice of the prior court orders, including the dependency order, the orders from the periodic review hearings, and the order terminating the parental rights of the father. See § 90.202, Fla. Stat. (2002).
A court record is not subject to dispute: either it is or it is not a record of a court. When it is shown to the satisfaction of the trial judge that a document is a record of a court, then the judge should judicially notice it.
CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 202.6, at 59-60 (2008 ed.).
We have reviewed the other issues raised on appeal and find no error. Accordingly, the order of termination of parental rights is AFFIRMED.
WARNER, POLEN and STEVENSON, JJ., concur.

. Section 39.806(l)(c) allows for termination of parental rights where the parent has engaged in conduct that demonstrates that the parent’s continuing involvement in the parent-child relationship would threaten the life, safety, well-being, or physical, mental or emotional health of the child irrespective of the provision of services; section 39.806(l)(f) allows for termination where the parent has engaged in egregious conduct or acts as defined in the statute.