# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2094
Lower Tribunal No. 07-15546
_____

**N.B., the Mother,**
Appellant,

vs.

**Florida Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Cindy Lederman, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellant.

Karla Perkins, Appellate Counsel for Department of Children and Families; Kelley Schaeffer (Sanford), Appellate Counsel for Guardian ad Litem Program.

Before ROTHENBERG, LAGOA, and FERNANDEZ, JJ.

ROTHENBERG, J.

N.B., the mother, appeals an order terminating her parental rights to two of her children, Ch.B. and S.B. We affirm the order under review because the record contains substantial, competent evidence that the Florida Department of Children and Families ("Department") established by clear and convincing evidence that statutory grounds for termination exist, specifically sections 39.806(1)(e)(1) and 39.806(1)(*l*), Florida Statutes (2014); termination is in the manifest best interest of the children, see § 39.810, Fla. Stat. (2014); and termination is the least restrictive means of protecting the children from harm. See R.L. v. Dep't of Children & Families, 63 So. 3d 920, 921-22 (Fla. 5th DCA 2011) (holding that to terminate parental rights, the State must demonstrate by clear and convincing evidence "(1) the existence of one of the statutory grounds set forth in Chapter 39; (2) that termination is in the best interest of the child; and (3) that termination is the least restrictive means of protecting the child from harm"); T.P. v. Dep't of Children & Family Servs., 935 So. 2d 621, 624 (Fla. 3d DCA 2006) ("The standard of review for challenges to the sufficiency of the evidence supporting a termination of parental rights is whether the trial court's order is supported by substantial competent evidence.")

Although we have determined that the record contains competent, substantial evidence to support the termination of the Mother's parental rights

2

under sections 39.806(1)(e)(1) and 39.806(1)(*l*), either of which standing alone would be sufficient to terminate the Mother's parental rights, we address the Mother's contention raised for the first time on appeal that section 39.806(1)(*l*) is facially unconstitutional.  A.J. v. K.A.O., 951 So. 2d 30, 32 (Fla. 5th DCA 2007) ("[F]acial constitutional attacks and attacks involving fundamental liberty interest, such as parental rights, may be raised for the first time on appeal.").

Section 39.806(1)(*l*) authorizes the filing of a petition for termination of parental rights when "[o]n three or more occasions the child or another child of the parent or parents has been placed in out-of-home care pursuant to this chapter, and the conditions that led to the child's out-of-home placement were caused by the parent or parents."  The Mother argues that section 39.806(1)(*l*) is unconstitutional because it permits the termination of parental rights based on a standard of proof that is less than "clear and convincing evidence," in violation of the United States Supreme Court's decision in Santosky v. Kramer, 455 U.S. 745, 747-48 (1982).  In Santosky, the United States Supreme Court held that a New York statute which prescribed a "fair preponderance of the evidence" standard in a proceeding to terminate parental rights denied the parents' rights to procedural due process, and that before a state may terminate parental rights, the state must support its allegations by at least clear and convincing evidence.  Specifically, the Mother argues that the statutory ground was established by a lesser standard, such as

3

probable cause or preponderance of the evidence, because the individual out-of-home placements were based on either probable cause or a preponderance of the evidence, and therefore, the termination of the parental rights was also based on the lower standards, not clear and convincing evidence. We disagree.

First, we note that contrary to the Mother's assertion, the statutory ground—three or more out-of-home care placements—was established by clear and convincing evidence, not by a lesser standard. Nonetheless, we briefly address the facial constitutionality of section 39.806(1)(*l*). When a statute impinges on a fundamental liberty interest, such as parenting ones child, we must analyze the constitutionality of the statute under a strict scrutiny standard. Fla. Dep't of Children & Families v. F.L., 880 So. 2d 602, 607 (Fla. 2004). "To withstand strict scrutiny, a law must be necessary to promote a compelling governmental interest and must be narrowly tailored to advance that interest." State v. J.P., 907 So. 2d 1101, 1109 (Fla. 2004).

The Mother does not dispute that the State of Florida has a compelling interest in protecting the physical and psychological well-being of children, but asserts that the statute is not narrowly tailored to advance that interest through the least intrusive means. We disagree.

In addressing section 39.806(1)(*l*), Chief Judge Hawkes recognized in K.J. ex rel. A.J. v. Department of Children & Families, 33 So. 3d 88, 90 (Fla. 1st DCA

4

2010) (concurring), the following:

> Here, the Legislature concluded it is harmful for children to be removed from the same home numerous times; therefore, prior instances of out-of-home placement can be relied on in establishing grounds for the termination of parental rights. . . . Like other statutory provisions recognizing the danger posed by repetitive bad behavior, section 39.806(1)(*l* ) was designed to protect children when parents continually engage in conduct warranting out-of-home placement. Not only have these parents proven they are incapable of improving their behavior, but they have created a situation of instability and uncertainty for their children by causing a need for them to be repeatedly uprooted. Consequently, there is nothing improper, retroactive, or violative of any of Appellant's rights in the Legislature's decision to authorize the courts to consider additional factors when making termination of parental rights decisions.

Moreover, the Legislature has inserted other safeguards into Chapter 39. As stated above, not only must the State establish at least one statutory ground by clear and convincing evidence, it must also establish by clear and convincing evidence that termination is in the manifest best interest of the children and that termination is the least restrictive means of protecting the children from harm. See R.L. 63 So. 3d at 921-22. Thus, we reject N.B.'s facial constitutional challenge to section 39.806(1)(*l*).

Affirmed.