# Supreme Court of Florida

_____

No. SC14-1639
_____

**FRATERNAL ORDER OF POLICE, MIAMI LODGE 20,**
Petitioner,

vs.

**CITY OF MIAMI, et al.,**
Respondents.

[May 17, 2018]

QUINCE, J.

We have for review the decision of the Third District Court of Appeal in

*Fraternal Order of Police, Miami Lodge 20 v. City of Miami*, 143 So. 3d 953 (Fla.

3d DCA 2014), on the ground that it expressly and directly conflicts with the

Fourth District Court of Appeal's decision in *Hollywood Fire Fighters, Local*

*1375, IAFF, Inc. v. City of Hollywood*, 133 So. 3d 1042 (Fla. 4th DCA 2014).  We

have jurisdiction.  *See* art. V, § 3(b)(3), Fla. Const.  For the reasons that follow, we

approve the decision of the Third District.

## FACTS

On June 28, 2010, Respondent, the City of Miami, declared a "financial urgency" and invoked the process set forth in section 447.4095, Florida Statutes (2010), which provides:

> Financial urgency – In the event of a financial urgency requiring modification of an agreement, the chief executive officer or his or her representative and the bargaining agent or its representative shall meet as soon as possible to negotiate the impact of the financial urgency. If after a reasonable period of negotiation which shall not exceed 14 days, a dispute exists between the public employer and the bargaining agent, an impasse shall be deemed to have occurred, and one of the parties shall so declare in writing to the other party and to the commission. The parties shall then proceed pursuant to the provisions of s. 447.403. An unfair labor practice charge shall not be filed during the 14 days during which negotiations are occurring pursuant to this section.

§ 447.4095, Fla. Stat. (2010). In response, Petitioner, Fraternal Order of Police, Miami Lodge 20 (FOP), moved for a declaratory judgment against the City and challenged the facial constitutionality of the statute, arguing that it is void for vagueness, deprives the FOP of due process, and denies equal protection. The trial court granted the City's motion for summary judgment and the FOP appealed. The Third District affirmed the trial court. *Fraternal Order of Police*, 143 So. 3d at 954. Petitioner then sought review, and we accepted jurisdiction.

## ANALYSIS

Petitioner raises a facial challenge to section 447.4095, Florida Statutes, arguing that it is void for vagueness, violates due process, and denies equal

protection. Whether a statute is constitutional is a pure question of law that is reviewed de novo. *Scott v. Williams*, 107 So. 3d 379, 384 (Fla. 2013).

In a facial challenge, our review is limited. *Abdool v. Bondi*, 141 So. 3d 529, 538 (Fla. 2014). We consider only the text of the statute, not its specific application to a particular set of circumstances. *Id.* To succeed on a facial challenge, the challenger must demonstrate that no set of circumstances exists in which the statute can be constitutionally valid. *Id.* Generally, legislative acts are afforded a presumption of constitutionality and we will construe the challenged legislation to effect a constitutional outcome when possible. *Fla. Dep't of Revenue v. Howard*, 916 So. 2d 640, 642 (Fla. 2005).

First, Petitioner contends that section 447.4095 is impermissibly vague. A statute is void for vagueness when persons of common intelligence must guess as to its meaning and differ as to its application. *Samples v. Florida Birth-Related Neurological Injury Comp. Ass'n*, 114 So. 3d 912, 919-20 (Fla. 2013). A statute is also void for vagueness if it lends itself to arbitrary enforcement at an officer's discretion. *D'Alemberte v. Anderson*, 349 So. 2d 164, 166 (Fla. 1977). Petitioner argues that section 447.4095 is vague because the legislature did not define the term "financial urgency." According to Petitioner, this allows a city unfettered discretion to unilaterally modify an agreement because the legislature did not define what circumstances must be met before a financial urgency can be declared.

In support of this claim, Petitioner points to the staff analysis for the bill, which notes that the term "financial urgency" "is undefined in the bill or in chapter 447 and . . . its interpretation is left to practice." Fla. S. Comm. on Govt. Ops., CS for SB 888 (1995) Staff Analysis (Mar. 27, 1995).

"The legislature's failure to define a statutory term does not in and of itself render a provision unconstitutionally vague." *State v. Hagan*, 387 So. 2d 943, 945 (Fla. 1980). We have previously held that

> the specificity with which the legislature must set out statutory standards and guidelines may depend upon the subject matter dealt with and the degree of difficulty involved in articulating finite standards. The same conditions that may operate to make direct legislative control impractical or ineffective may also, for the same reasons, make the drafting of detailed or specific legislation for the guidance of administrative agencies impractical or undesirable. . . . [C]ourts cannot realistically require the legislature to dictate every conceivable application of the law down to the most minute detail. . . . [C]omplex areas such as taxation should be left to the appropriate agency having expertise and flexibility. Otherwise, the legislature would be forced to remain in perpetual session and devote a large portion of its time to regulation.

*In re Advisory Opinion to Governor*, 509 So. 2d 292, 311 (Fla. 1987) (citations omitted). Thus, "the legislature may 'enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general

- 4 -

purpose.' " *Sims v. State*, 754 So. 2d 657, 668 (Fla. 2000) (quoting *State v. Atl. Coast Line R. Co.*, 47 So. 969, 976 (Fla. 1908)).

Here, the Legislature provided the Public Employees Relations Commission (PERC) with the discretion to interpret and apply the statute within its discretion based on its expertise. §§ 447.205, .207, Fla. Stat. (2010). After the legislature enacted section 447.4095, district courts of appeal deferred to PERC to provide a definition of financial urgency. *See, e.g.*, *Manatee Educ. Ass'n, FEA AFT (Local 3821), v. Sch. Bd. of Manatee Cty.*, 62 So. 3d 1176, 1183 (Fla. 1st DCA 2011) ("[W]e decline to decide what constitutes a 'financial urgency' within the meaning of section 447.4095 . . . . On this question, we defer initially to PERC."). Ultimately, PERC defined the term to mean "a dire financial condition requiring immediate attention and demanding prompt and decisive action, but not necessarily a financial emergency or bankruptcy," which we accepted. *Walter E. Headley, Jr. Miami Lodge No. 20 v. City of Miami (Headley Miami Lodge)*, 215 So. 3d 1, 6 (Fla. 2017).

It does not appear that section 447.4095 is void for vagueness. Instead, it seems that the legislature purposely declined to define the term in order to defer to PERC's expertise. Based on our precedent, that is permissible, as it would be impossible to draft legislation that could adequately cover every instance where a public employer may need to invoke the statute. While the union may not agree

with PERC's definition of the term, that does not render the statute unconstitutional. *In re Advisory*, 509 So. 2d at 312. We conclude that section 447.4095 is not unconstitutionally vague.

Secondly, Petitioner argues that the statute violates substantive due process. Under substantive due process, a statute must not be unreasonable, arbitrary or capricious, and must have a reasonable and substantial relation to a legitimate government objective. *See State v. Robinson*, 873 So. 2d 1205, 1214 (Fla. 2004). When a statute encroaches on fundamental constitutional rights, the statute must be narrowly tailored to achieve the state's purpose. *Id.* We have previously considered section 447.4095 and found that while the statute implicates fundamental rights, i.e., the right to contract and collectively bargain, the statute satisfies strict scrutiny. In *Headley Miami Lodge*, we stated:

> Section 447.4095 is the codification of the strict scrutiny standard we outlined in *Chiles* [*v. United Faculty of Florida*, 615 So. 2d 671 (Fla. 1993)]. The term "financial urgency" represents the first prong of strict scrutiny. As previously stated, a financial urgency is "a dire financial condition requiring immediate attention and demanding prompt and decisive action, but not necessarily a financial emergency or bankruptcy." *Headley*, 118 So. 3d at 892; *see also Hollywood Fire Fighters*, 133 So. 3d at 1045 (quoting *Headley*). In showing that its current financial condition is dire and requires immediate attention, the local government establishes a compelling state interest and satisfies the first prong of strict scrutiny.

> The phrase "requiring modification of an agreement" represents the second prong of strict scrutiny. While a local government may be able to show that its financial condition requires immediate attention and demands prompt and decisive action, this may not necessarily

require modification of the agreement. As we stated in *Chiles*, "the mere fact that it is politically more expedient to eliminate all or part of the contracted funds is not in itself a compelling reason." *Chiles*, 615 So. 2d at 673. Thus, the term "requiring modification" forces the local government to demonstrate that the only way of addressing its dire financial condition is through modification of the CBA. To do this, the local government must demonstrate that the funds are available from no other reasonable source. This satisfies the second requirement of strict scrutiny, that the law be narrowly tailored to achieve a compelling state interest.

215 So. 3d at 7. Because we have already found that the statute is narrowly tailored to achieve a legitimate state interest, we also conclude that the statute does not violate substantive due process.

Similarly, we deny Petitioner's equal protection claim. Equal protection is not violated merely because some individuals are treated differently than others. *Duncan v. Moore*, 754 So. 2d 708, 712 (Fla. 2000). Instead, it requires that persons similarly situated be treated similarly. *Id.* "[I]f the interest which is being taken is a fundamental interest . . . then the means or method employed by the statute to remedy the asserted problem must meet not only the rational basis test, but also the strict scrutiny test." *Mitchell v. Moore*, 786 So. 2d 521, 527 (Fla. 2001). "To withstand strict scrutiny, a law must be necessary to promote a compelling government interest and must be narrowly tailored to advance that interest." *Westerheide v. State*, 831 So. 2d 93, 111 (Fla. 2002).

Petitioner's equal protection claim is unavailing. While Petitioner compares public employees to private employees, employee bargaining in the public sector is

different from that of the private sector, as limitations on the right to collectively bargain are involved. *See State v. Florida Police Benevolent Ass'n*, 613 So. 2d 415, 417 (Fla. 1992). Because public employees bargain over public money, the control of which is a legislative function, there exists a legitimate government purpose in treating collective bargaining agreements of public employees differently than those of private employees. *Id.* As previously stated, we have already determined that the statute satisfies strict scrutiny in *Headley Miami Lodge*. *Headley Miami Lodge*, 215 So. 3d at 7. There is no violation of equal protection.

## CONCLUSION

Section 447.4095 is not void for vagueness and does not violate equal protection or due process. Accordingly, Petitioner's facial challenge to the statute fails and we approve the Third District's decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

Third District - Case No. 3D13-2437

(Dade County)

Robert D. Klausner, Stuart Kaufman, Adam P. Levinson, Paul Daragjati, and Anna R. Klausner Parish of Klausner, Kaufman, Jensen & Levinson, Plantation, Florida,

    for Petitioner

Victoria Méndez, City Attorney, John A. Greco, Deputy City Attorney, and Kevin R. Jones, Senior Assistant City Attorney, Miami, Florida; and Michael Mattimore and Luke Savage of Allen, Norton & Blue, P.A., Tallahassee, Florida,

    for Respondent City of Miami

Mark A. Touby and Richard A. Sicking of Touby, Chait & Sicking, P.L., Coral Gables, Florida,

    Amicus Curiae Florida Professional Firefighters, Inc., International Association of Firefighters, AFL-CIO