DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.R.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN & FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D21-2346

[February 2, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 2013-6413 DP.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Carolyn Schwarz, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Samantha Costas Valley, Senior Attorney, Statewide Guardian Ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

### *ON MOTION FOR WRITTEN OPINION AND FOR CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE*

PER CURIAM.

We grant Appellant's motion for written opinion and for certification of question of great public importance, withdraw our per curiam affirmance dated January 13, 2022, and issue the following in its place:

We affirm the final judgment of termination of the Mother's parental rights under section 39.806(1)(*l*), Florida Statutes (2020). *See K.A. v. Dep't of Child. & Fams.*, 46 Fla. L. Weekly D2609 (Fla. 4th DCA Dec. 8, 2021); *N.B. v. Fla. Dep't of Child. & Fams.*, 183 So. 3d 1186 (Fla. 3d DCA 2016).

As we did in *K.A.*, we once again certify the following question to the supreme court concerning the constitutionality of section 39.806(1)(*l*):

> DOES THE 2008 ADDITION OF SUBPARAGRAPH (*l*) TO SECTION 39.806(1), FLORIDA STATUTES, WHICH PROVIDES FOR TERMINATION OF PARENTAL RIGHTS WHEN "ON THREE OR MORE OCCASIONS THE CHILD OR ANOTHER CHILD OF THE PARENT OR PARENTS HAS BEEN PLACED IN OUT-OF-HOME CARE . . . AND THE CONDITIONS THAT LED TO THE CHILD'S OUT-OF-HOME PLACEMENT WERE CAUSED BY THE PARENT OR PARENTS," UNCONSTITUTIONALLY REMOVE THE STATE'S BURDEN TO PROVE THAT THE PARENT'S OR PARENTS' CONDUCT POSES A SUBSTANTIAL RISK OF HARM TO THE CHILD OR CHILDREN AFFECTED BY THE TERMINATION OF PARENTAL RIGHTS AND IS THE LEAST RESTRICTIVE MEANS OF PROTECTING THE CHILD OR CHILDREN FROM SERIOUS HARM?

*Affirmed, and question certified.*

DAMOORGIAN, CIKLIN and KLINGENSMITH, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

2