# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0883
Lower Tribunal No. 2023-CF-005235

_____

JORDAN OMARVIUS ROGERS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Mark F. Carpanini, Judge.

June 29, 2026

## ON MOTION FOR SUPPLEMENTAL BRIEFING

KAMOUTSAS, J.

Since 1877, Florida has permitted trial by six-person juries in non-capital cases. Ch. 3010 § 6, Laws of Fla. (1877) (§ 6); *see also* Laws of Fla. (1939); Art. 1, § 22, Fla. Const. (1968). Over fifty years ago, in *Williams v. Florida*, 399 U.S. 78, 103 (1970), the United States Supreme Court considered the constitutionality of Florida's jury size and concluded that "[the] petitioner's Sixth Amendment rights,

as applied to the States through the Fourteenth Amendment, were not violated by Florida's decision to provide a six-man rather than a 12-man jury."

Recently, the United States Supreme Court granted a petition for a writ of certiorari in *Kian v. Florida*, No. 25-6623, 2026 WL 1718018, at *1 (U.S. June 15, 2026), that requested the Court reconsider its holding in *Williams*. The petitioner in *Kian* specifically asked whether he "was de[p]rived of his right, under the Sixth and Fourteenth Amendments, to a trial by a 12-person jury when the defendant is charged with a serious felony?" Petition for Writ of Certiorari at ii, *Kian v. Florida*, No. 25-6623 (U.S. Jan. 9, 2026).

In light of the United States Supreme Court's action, Appellant filed a motion for supplemental briefing in this case asking this Court to allow Appellant to brief and argue that the six-person jury in Appellant's non-capital felony case violated his right under the Sixth Amendment to a trial by a 12-person jury. Appellant concedes this issue was not raised at trial nor in his initial brief but asserts preservation in the trial court was not necessary since this error was fundamental and "a challenge to the facial constitutionality of a statute may be raised for the first time on appeal." For the reasons that follow, we deny Appellant's motion for supplemental briefing.

As an initial matter, Appellant is correct that a challenge to the facial constitutionality of a statute can be raised for the first time on appeal. *See N.B. v. Fla. Dep't Child. & Fams.*, 183 So. 3d 1186, 1187 (Fla. 3d DCA 2016). But here,

2

Appellant not only failed to raise the issue of the number of jurors below but also did not raise the issue in his initial brief, much less argue that the issue constituted a fundamental error. Issues not raised in the initial brief are waived or abandoned. *See, e.g.*, *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) (citing *Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002)); *City of Miami v. Steckloff*, 111 So. 2d 446, 447 (Fla. 1959); *Wheeler v. State*, 87 So. 3d 5, 6 (Fla. 5th DCA 2012) ("[T]he defendant did not raise a claim of fundamental error relating to this issue in his initial brief; therefore, this court is not required to undertake a fundamental error analysis.").

Additionally, Florida Rule of Appellate Procedure 9.210(a) establishes that "[u]nless otherwise ordered by the court, the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, and a reply brief." *Cf.* Fla. R. App. P. 9.140(g)(2)(A) ("Anders Briefs . . . Upon the discovery of an arguable issue, other than an unpreserved sentencing, disposition, or commitment order error, the court must order briefing on the issues identified by the court."); *State v. Causey,* 503 So. 2d 321, 323 (Fla. 1987) (holding that in the context of *Anders* briefs, a reviewing court should permit both parties to submit briefs on issues that the appellate court independently determines to have merit). Accordingly, aside from *Anders*[1] appeals, parties will generally have one opportunity to brief, answer and reply. Supplemental briefing is the exception—not the rule.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

Certainly, a district court of appeal may exercise its discretion to permit or require supplemental briefing. *R & B Holding Co., Inc. v. Christopher Advert. Grp., Inc.*, 994 So. 2d 329, 334 (Fla. 3d DCA 2008) (Cope, J., concurring in part and dissenting in part) (discussing that appellate courts have discretion to allow parties to file supplemental briefs on new issues or to order supplemental briefs *sua sponte*). For example, supplemental briefing may be appropriate where there is a material issue that was not briefed but is still necessary for the court to consider in order to resolve the issues raised on appeal, such as a possible basis for tipsy coachman affirmance, or if there has arisen an intervening persuasive or authoritative decision that could impact the court's analysis of an issue raised by the appellant in the initial brief.[2] *See, e.g.*, *Toby v. State*, 29 So. 3d 1138, 1138 (Fla. 1st DCA 2009); *Ortiz v. State*, 905 So. 2d 1016, 1017 (Fla. 2d DCA 2005). However, in any case, the decision to permit or require supplemental briefing is solely within a court's discretion.

Here, Appellant seeks permission to file a supplemental brief to raise a new issue not raised in his initial brief based on the United States Supreme Court's grant of a petition for certiorari to recognize a basis for appeal that is not meritorious under current controlling federal or Florida law. However, claims based on a higher court's

---

[2] We bear in mind the limitations of the tipsy coachman doctrine where appellate courts are permitted to affirm a lower court's order even if based on an erroneous rationale, so long as the affirmance is otherwise supported by the record. *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002).

granting certiorari review of a case that may *potentially* change the governing law are speculative and premature. The parties involved do not know the outcome of *Kian* nor the ramifications. Indeed, even assuming, *arguendo*, that the United States Supreme Court concludes that Florida's six-person jury system is unconstitutional, questions regarding the applicability of harmless error versus structural error remain. *See generally Neder v. United States*, 527 U.S. 1, 8-15 (1999) (discussing harmless error versus structural error and acknowledging that "most constitutional errors can be harmless"); *Wilson v. State*, 764 So. 2d 813, 817-18 (Fla. 4th DCA 2000) (discussing that trial errors occur "during the presentation of the case to the jury," and are amenable to a harmless-error analysis, while structural errors "deprive defendants of 'basic protections'" and "infect the entire trial process" requiring automatic reversal).

Further, if a new rule of law is announced after this appeal becomes final, the question of retroactivity must be resolved. *See generally Dettle v. State*, 395 So. 3d 1054, 1057 (Fla. 2024) ("'[N]ew rules of law announced by this Court or the United States Supreme Court generally apply to all cases that are pending on direct review or are otherwise not final'—they do not, normally, apply retroactively. . . . There are, however, exceptions." (quoting *White v. State*, 214 So. 3d 541, 549 (Fla. 2017))). In that instance, Appellant could seek post-conviction relief to the same extent as

5

any other person convicted of a felony by a six-person jury prior to the issuance of the decision.

The current and binding precedent of *Williams*, the uncertainty of any change in controlling law and the applicability of any such change to Appellant's case, coupled with Appellant's failure to raise this issue below or in his initial brief, weighs against this Court's exercising its discretion to permit supplemental briefing. Accordingly, Appellant's motion for supplemental briefing is denied.

DENIED.

STARGEL and MIZE, JJ., concur.


Blair Allen, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Christopher Manon, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED